JANICE POWERS PINKHAM, as Executrix under the last Will and Testament of B. W. Mulford, deceased, *et al.,* v. CENTRAL FARMERS' TRUST CO.

159 So. 289.
Division B.
Opinion Filed January 24, 1935.
Petition for Rehearing Denied February 20, 1935.

*Crawford & May* and *Joel W. Massie,* for Appellants;
*Coleman & Cook,* for Appellee.

TERRELL, J.—Additional facts pertinent to this case will be found by reference to Central Farmers' Trust Company, a corporation, v. Janice Powers Pinkham, decided this date.

When the mandate of the Court went down in Mulford v. Central Farmers' Trust Company, 99 Fla. 600, 126 So. 762, the Chancellor entered his decree reversing the order of the probate court with appropriate directions. On presentation of the decree in the last named case to him the probate court entered his order granting the petition to revoke the will of B. W. Mulford, dated June 23, 1926, and in the same decree ordered the Central Farmers' Trust Company to forthwith file a just and true return and accounting of all its doings as executor under said purported will.

May 16, 1930, Central Farmers' Trust Company in compliance with the order of the probate court filed its account as executor, which among other things showed the following disbursements: August 9, 1926, payment on account funeral expenses, Ferguson Undertaking Company, $1,000.00; January 6, 1927, payment claim, Ferguson Undertaking Company, $4,435.00.

May 19, 1930, the will of November 20, 1925, was proved and admitted to probate as the true last will and testament of B. W. Mulford. After payment of all just debts this will devised the residue of the estate to W. B. Mulford, brother of the testator, Helen C. Osborn, sister of the testator, and Janice Powers Pinkham, step-daughter of the

testator. The latter qualified as his sole executrix under said will which was admitted to probate May 19, 1930.

June 10, 1930, Janice Powers Pinkham and W. B. Mulford as devisees under the will of November 20, 1925, filed their separate and several exceptions to the final account of Central Farmers' Trust Company as executor under the will of June 23, 1926, and resisted payment of the sum of $5,435.00 to Ferguson Undertaking Company for funeral expenses, $5,250.00 of which was for the casket. Testimony was taken as to the issue thus raised and on full consideration the probate court overruled the exceptions and allowed payment of the claim in full December 10, 1930.

January 21, 1931, the complainants appealed from the decree overruling exceptions to the allowance of funeral expenses. The Circuit Court on said appeal found the claim of Ferguson Undertaking Company for funeral expenses to be excessive and reversed the cause for the purpose of taking further testimony affecting appellants' exceptions to payment of said claim and for further consideration by the probate court when said testimony was taken. Additional testimony was taken and on further consideration the probate judge again overruled the exceptions and again allowed payment of the claim.

A second appeal was prosecuted to the Circuit Court which was restricted to the single question of the propriety of the payment of funeral expenses as referred to. On December 8, 1932, the opinion of the Circuit Court was rendered which found in substance that the charge of $5,250.00 for the casket was grossly excessive, that it was neither in keeping with the decedent's station in life nor the value or extent of his estate. The Circuit Court, however, affirmed the decision of the probate court on the theory that while the devisees under the will were not present and did not

approve the selection of the casket other persons very close to the decased were present and took part in its selection and knew what the charge was for it. In view of this and the fact that no objection was raised to the charge until long after its payment the chancellor held that the executor may have been lulled into the belief that the payment of said amount for the casket was entirely agreeable to all those interested and affirmed the decision of the probate court.

A rehearing on this finding and decree was denied and the instant appeal comes here from that decree. The sole question raised is whether or not the allowance of $5,250.00 for the casket was a proper charge against the estate of the decedent.

The record amply supports the finding of the chancellor that the charge was grossly excessive and was neither in keeping with the decedent's station in life nor the value of his estate. In this state of the record we do not think the executor can be excused for making the payment. The beneficiaries under the will had no part in selecting the casket, if they had they might have been estopped to raise the' question. Their objections were seasonably raised and the fact that those close to the deceased were present and participated in the selection is immaterial, not being beneficiaries under the will they may as well have been strangers to it.

The executor in the instant case was trustee for the beneficiaries under the will and was bound by the law governing such trustees in handling its ward's estate. If he may be lulled into a sense of security for his conduct in this expenditure under the circumstances shown to exist it would be difficult to conceive a situation under which he could not

find ground to justify any case of gross mismanagement and waste.

The law, Section 3738, Revised General Statutes of 1920, Section 5610, Compiled General Laws of 1927, provides that executors shall pay "the necessary funeral expenses" of the decedent. The amount paid here was grossly excessive, for which we find no warrant in the record. Both the charge and payment for the casket are without foundation, for which the judgment below must be and is hereby reversed.

Reversed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.